KUPKOFSKI v. JOHN S. SPIEGEL CO.

MASTER AND SERVANT—PERSONAL INJURIES—ASSUMPTION OF RISK
.—IRONING MACHINE.

> A servant who, from experience with a certain ironing machine,
> understood its method of working and motions, which were
> open to observation, assumed the risk of having her hand
> drawn under a roller by a slight jerky motion, due to a
> loose belt.

Error to Wayne; Hosmer, J.  Submitted October 7,
1903.  (Docket No. 6.)  Decided November 9, 1903.

Case by Annie Kupkofski, by next friend, against the
John S. Spiegel Company, for personal injuries.  From a
judgment for defendant on verdict directed by the court,
plaintiff brings error.  Affirmed.

*Moore & Moore* (*S. W. Burroughs*, of counsel), for
appellant.

*John J. Jackson* (*Alfred Lucking*, of counsel), for
appellee.

MONTGOMERY, J.  The plaintiff sues to recover dam-
ages for personal injuries received while operating an
ironer in the laundry department of defendant's factory.
On the trial the circuit judge directed a verdict for defend-
ant, and plaintiff brings error.

At the time of the accident plaintiff was 17 years of age,
and was a bright, intelligent girl.  She had been working
in the defendant's laundry one year.  During this time
she had operated several machines which work in the
same manner as the one on which she was injured, and
for about two weeks immediately prior to the accident she
had been working upon this particular machine, and had
occasionally run it before.  The machine was known as a
"Stone bosom ironer."  It consisted of a large hollow

roller, which was heated by a gas jet inside.  This roller runs very slowly, making 24 revolutions per minute.  It has no motion to and fro, but simply revolves on its axis, rolling inward from the front.  Below this roller is a movable table or board about as large as a shirt bosom, on which the shirt is placed, and fastened at the neck-band and at each shoulder.  When this has been done, the table is set in motion by the operator, who steps on a treadle.  The table then moves at the rate of 16 times per minute under and close to the roller the full length of the shirt bosom.  The movement of the table is at all times under the instantaneous control of the operator, who can, by pressing on the treadle with the toe or heel, cause the table to move forward, stop, or come back, either the entire distance or one, two, three, or six inches, as desired, within the fraction of a second.  When the table with the shirt upon it has passed under the roller to its full length, it is the duty of the operator to press on the heel of the treadle, and cause it to return to the front of the machine.  If this is not done, the hot roller on top of the shirt will scorch and burn the bosom; and, in order to avoid any failure on the part of the operator in this particular portion of her duty, an automatic reversing apparatus is attached to the machine, whereby the table is returned to the front, even if the treadle is not operated.  The power to move the table is communicated from the general power shaft directly above by means of a belt about eight or nine feet long, and thence through a set of gear wheels to the table, and is controlled, as above stated, by the foot treadle. The entire machine is so simple in its construction and operation that plaintiff herself testified that, under Mr. Lake's instructions, she learned to operate it in 15 or 20 minutes, and in a day or so could iron a shirt on it very nicely.  She had operated it steadily two weeks prior to the accident, and occasionally before that.  She knew perfectly well that if her hand got under the roller it would be hurt.

The declaration charges negligence in two particulars:

*First,* in defendant's failure to instruct plaintiff how to operate the machine properly; and, *second,* in allowing the machine to become out of repair, whereby it worked in a jerky, spasmodic manner, dangerous to the operator. At the trial it was shown that plaintiff was instructed as to the operation of the machine. The sole remaining claim was that the machine was out of repair, in that (1) the belt connecting it with the power shaft was loose, and (2) the automatic reversing apparatus was out of order, and that, on account of either one or both of these circumstances, the action became jerky and spasmodic. Plaintiff's counsel claim that she was holding the shirt on the table with her right hand, her fingers being six inches away from the roller, when the machine stopped suddenly, and started with such a quick jerk, and the table moved so rapidly, that the table and her hand were jerked under the roller, six inches distant, so quickly that she had not time to take away her hand. The only defects alleged to have existed in the machine were the loose belt and the automatic reverse appliance.

The evidence shows conclusively that the alleged defect in the automatic reversing apparatus had nothing to do with causing the injury to plaintiff, and could not have had. The belt was loose, and the result was that, when the friction became unusual, the machine would slow down, and, as the belt moved again to perform its office, the machine would start up at its usual speed, but at no speed greater than normal. To this extent there was a jerky motion, but the condition was one open to observation, and known to plaintiff. Furthermore, the plaintiff's hand could not have been carried towards the roller with any greater rapidity because of this condition than under normal conditions. The plaintiff assumed the risk, which was open to observation, and, had she exercised proper care, could not have received the injuries.

Judgment affirmed.

The other Justices concurred.